# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CARLOS VELASQUEZ,** Plaintiff, v. **STATE OF UTAH et al.,** Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 2:20-cv-00205-DB-PMW **District Judge Dee Benson** **Chief Magistrate Judge Paul M. Warner** |

Before the court are Plaintiff Carlos Velasquez's ("Plaintiff") complaint[1] and several motions.[2] The court notes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court will review the sufficiency of Plaintiff's complaint under the authority of the IFP Statute.

## BACKGROUND

On September 18, 2018, Plaintiff filed an action in this court against the State of Utah; the Utah Department of Human Services; the Utah Office of Administrative Hearings; and the Utah Division of Aging and Adult Services, Adult Protective Services. *See Velasquez v. State of*

---

[1] *See* ECF no. 4.

[2] *See* ECF nos. 2, 9, 11.

[3] *See* ECF no. 3.

*Utah*, 2:18-cv-00728-DN ("*Velasquez I*").  In a memorandum decision and order dated February 25, 2019, District Judge David Nuffer reviewed Plaintiff's complaint in *Velasquez I* under the authority of the IFP Statute.[4]

In that order, Judge Nuffer noted that Plaintiff's complaint in *Velasquez I* was "generally confusing and difficult to decipher."[5]  Nevertheless, Judge Nuffer noted that the genesis of *Velasqez I* appeared to be an administrative action that was commenced against Plaintiff by the Utah Division of Aging and Adult Services.[6]  In *Velasquez I*, Plaintiff identified that case as "Utah Administrative Case: 2246378"[7] ("Administrative Case").  Plaintiff's complaint in *Velasquez I* detailed "an extensive history of litigating the Administrative Case in Utah administrative agencies, the Utah Third District Court, the Utah Court of Appeals, and the Utah Supreme Court," which included a constitutional claim asserted in *Velasquez I*.[8]  Plaintiff's complaint in *Velasquez I* sought (1) a declaration of unconstitutionality with respect to several statutes and regulations; (2) "[f]alsity" of the Administrative Case; (3) "[i]nterest to preference on [*Velasquez I*] case over ordinary civil cases"; (4) "[i]nterest to three applications for extraordinary writ[s], Mandamus, Prohibition, [and] Execution"; and (5) "[i]nterest to generate

---

[4] *See Velasquez I*, ECF no. 27.

[5] *Id*. at 1.

[6] *See id*. at 2.

[7] *See Velasquez I*, ECF no. 3 a 1.

[8] *Id*. at 2.

an effective ruling to prosecute original tortfeasors against a manner of conspiracy."[9] Plaintiff's complaint in *Velasquez I* also alleged that Plaintiff had "'a sustained interest to have some more impartial committee weigh whether' the Utah Supreme Court 'sustained procedural malice to wrongful decline of interest' when it issued certain orders in the course of his litigation of the Administrative Case."[10] The complaint in *Velasquez I* further alleged "that the Utah Supreme Court 'sustained malice,' 'refused to clarify the constitutional question,' and 'refused to recognize evidence.'"[11]

After reviewing Plaintiff's complaint in *Velasquez I*, Judge Nuffer concluded that Plaintiff's action was barred by the *Rooker-Feldman* doctrine.[12] Judge Nuffer also concluded that it would be futile to provide Plaintiff with an opportunity to amend his complaint.[13] Accordingly, Judge Nuffer dismissed *Velasquez I* with prejudice under the authority of the IFP Statute for failure to state claims upon which relief could be granted.[14] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[9] *Id*. at 13-52; *see also Velasquez I*, ECF no. 27 at 2.

[10] *Velasquez I*, ECF no. 27 at 2 (quoting, *Velasquez I*, ECF no. 3 at 24-25).

[11] *Id*. (quoting *Velasquez I*, ECF no. 3 at 25)

[12] *See id*. at 4-5.

[13] *See id*. at 5.

[14] *See id*. at 5-6.

On March 8, 2019, Plaintiff filed a motion to reconsider Judge Nuffer's February 25, 2019 memorandum decision and order dismissing *Velasquez I*.[15] Judge Nuffer denied that motion on March 12, 2019, concluding that Plaintiff's arguments were "incorrect and without merit."[16]

On March 20, 2019, Plaintiff filed a notice of appeal in *Velasquez I*.[17] On June 11, 2019, the Tenth Circuit Court of Appeals issued an order and judgment on Plaintiff's appeal. *See Velasquez v. Utah*, 775 F. App'x 420, 421-23 (10th Cir. 2019). In that order and judgment, the Tenth Circuit stated:

> This appeal is the latest skirmish in a long-running legal battle between [Plaintiff] and various agencies and courts of the State of Utah. The saga appears to have begun with administrative law proceedings at the Utah Department of Human Services. After the administrative proceedings concluded, he took his fight to Utah state court, where in addition to his original claims he raised new constitutional claims regarding the fairness of his administrative proceedings and challenging the constitutionality of several Utah statutes and regulations. Unable to find success after exhausting his appeals in Utah state court, he sued the State of Utah and several state agencies in federal district court. In federal court he once again raised his constitutional claims from state court while adding constitutional claims . . . .

*Id*. at 421.

---

[15] *See Velasquez I*, ECF no. 29.

[16] *Velasquez I*, ECF no. 31 at 2.

[17] *See Velasquez I*, ECF no. 33.

On October 1, 2019, Plaintiff filed a petition for a writ of certiorari with the United States Supreme Court with respect to *Velasquez I*.[18]  On December 9, 2019, the Supreme Court denied Plaintiff's petition.[19]

On April 3, 2020, Plaintiff filed his complaint in the instant action.[20]  Plaintiff's 91-page complaint names the following four parties as defendants, all of which were named as defendants in *Velasquez I*:  the State of Utah, the Utah Department of Human Services, the Utah Division of Aging and Adult Services/Adult Protective Services, and the Utah Office of Administrative Hearings.[21]  Plaintiff also names the following defendants:  Utah Governor Gary R. Herbert; Utah Attorney General Sean Reyes; the Utah Legislature; the Utah Office of Legislative Research and General Counsel; Thomas R. Vaughn, Utah Attorney of General Counsel; Nels Holmgren, Utah Division of Aging and Adult Services Division Director; J. Stephen Mikita, Utah Assistant Attorney General (Adult Protective Services); Sonia Sweeney, Utah Office of Administrative Hearings Division Director; Laura Thompson, Utah Assistant Attorney General

---

[18] *See Velasquez I*, ECF no. 50.

[19] *See Velasquez I*, ECF no. 51.

[20] *See* ECF no. 4.  The court's citations to Plaintiff's complaint will reference page numbers in sequence, regardless of how they are numbered by Plaintiff.

[21] *See id*. at 1.

(Utah Department of Human Services); Amanda Slater, Utah Office of Licensing Division Director; and the United States Administration for Community Living.[22]

In the first paragraph of the substantive portion of his complaint, Plaintiff alleges that this action originates from the Administrative Case.[23] Plaintiff also details the proceedings related to the Administrative Case,[24] references the Administrative Case in several other portions of his complaint,[25] and requests that the Administrative Case "must become voided, 'without merit.'"[26]

Like his complaint in *Velasquez I*, Plaintiff's complaint in this action is generally confusing and difficult to comprehend. As best the court can decipher, it appears that Plaintiff's complaint alleges that his civil rights were violated in the proceedings in the Administrative Case and that certain Utah statutes and legislation are unconstitutional.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the

---

[22] *See id*. at 14-15. Except for the United States Administration for Community Living, all of the defendants named in Plaintiff's complaint in this action will be referred to collectively as the "State Defendants."

[23] *See id*. at 22.

[24] *See id*. at 27-28.

[25] *See id*. at 25, 90.

[26] *Id*. at 90.

court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based . . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

> relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *See Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## ANALYSIS

**I.     Claim Preclusion**

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993) (quotations and citation omitted). In the Tenth Circuit, "[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). In determining the third element, the Tenth Circuit has adopted the transactional approach to a cause of action, defining it to include "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2003).

Based upon the analysis set forth below, and the history of *Velasquez I* set forth above, the court concludes that all three of the above-referenced elements are satisfied in this action as

to the State Defendants Therefore, the court concludes that all of Plaintiff's claims in this action against the State Defendants are barred by the doctrine of claim preclusion.

First, there was a final judgment on the merits in an earlier action. The court previously dismissed *Velasquez I* with prejudice, and that dismissal was affirmed on appeal by the Tenth Circuit.

Second, the court concludes that, as to Plaintiff and the State Defendants, there is identity of the parties or their privies in both this action and *Velasquez I*. As in this action, Plaintiff was the sole named plaintiff in *Velasquez I*. Additionally, as indicated above, Plaintiff has included as named defendants in this action all four of the parties that were named defendants in *Velasquez I*, namely the State of Utah, the Utah Department of Human Services, the Utah Division of Aging and Adult Services/Adult Protective Services, and the Utah Office of Administrative Hearings.

As for the remaining State Defendants, the court concludes that they are in privity with the four defendants named in *Velasquez I*. In determining privity, courts have held that "parties nominally different may be, in legal effect, the same." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940). The Tenth Circuit has held that "[t]he general weight of authority appears to be that . . . government employees are in privity with their employer in their official capacities." *Gonzales v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999). Furthermore, an action against a government official in his or her official capacity is "simply another way of pleading an action against an entity of which an officer is an agent." *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (quotations and citation omitted); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office."); *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official.  The doctrine of res judicata bars a plaintiff from suing a succession of public officials on the same official-capacity claim.") (quotations and citation omitted) (alteration in original).

Under those principles, the following State Defendants are in privity with the four named defendants in *Velasquez I* as follows:  (1) the State of Utah is in privity with Utah Governor Gary R. Herbert; Utah Attorney General Sean Reyes; the Utah Legislature; the Utah Office of Legislative Research and General Counsel; Thomas R. Vaughn, Utah Attorney of General Counsel; and Amanda Slater, Utah Office of Licensing Division Director; (2) the State of Utah and/or the Utah Division of Aging and Adult Services/Adult Protective Services are in privity with Nels Holmgren, Utah Division of Aging and Adult Services Division Director; and J. Stephen Mikita, Utah Assistant Attorney General (Adult Protective Services); (3) the State of Utah and/or the Utah Department of Human Services are in privity with Laura Thompson, Assistant Attorney General (Utah Department of Human Services); and (4) the State of Utah and/or the Utah Office of Administrative Hearings are in privity with Sonia Sweeney, Utah Office of Administrative Hearings Division Director.

Third and finally, under the transactional approach adopted by the Tenth Circuit, the court concludes that all of Plaintiff's "claims or legal theories of recovery" in this action against the State Defendants "arise from the same transaction, event, or occurrence."  *Wilkes*, 314 F.3d at 504.  Plaintiff's complaint in this action make it clear that, as in *Velasquez I*, all of his claims and

legal theories have their genesis in the Administrative Case. As such, the court concludes that Plaintiff is attempting to relitigate issues related to the Administrative Case "that were or *could have been* raised" in *Velasquez I*. *Satsky*, 7 F.3d at 1467 (quotations and citation omitted) (emphasis added).

For those reasons, the court concludes that all of the foregoing elements are satisfied and, consequently, that all of Plaintiff's claims in this action against the State Defendants are barred by the doctrine of claim preclusion. Accordingly, the court concludes that Plaintiff has failed to state any claims upon which relief can be granted against the State Defendants. Therefore, all of Plaintiff's claims in this action against the State Defendants are dismissed with prejudice under the authority of the IFP Statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     United States Administration for Community Living

While Plaintiff has named the United States Administration for Community Living as a defendant in his complaint, his complaint is entirely devoid of any allegations concerning that defendant. As such, the court concludes that Plaintiff has failed to state any claims upon which relief can be granted against that defendant. Accordingly, all of Plaintiff's claims against the United States Administration for Community Living are dismissed with prejudice under the authority of the IFP Statute. *See id.*

## III.    Futility of Amendment

As previously noted, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

opportunity to amend." *See Kay*, 500 F.3d at 1217 (quotations and citation omitted).  The court has determined that Plaintiff could not provide any additional, plausible allegations that would save any of his claims from dismissal under the analysis set forth above.  Accordingly, the court concludes that it would be futile to provide Plaintiff with an opportunity to amend his complaint.

### IV.     Plaintiff's Motions

As previously noted, Plaintiff has filed multiple motions in this case.  The court has carefully reviewed those motions and determined that none of them has any effect on the analysis set forth above concerning the sufficiency of Plaintiff's complaint this action.  Accordingly, the court concludes that all of Plaintiff's motions are moot.

### CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1.      All of Plaintiff's motions[27] are MOOT.

2.      This action is DISMISSED WITH PREJUDICE under the authority of the IFP Statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED this 24th day of April, 2020.

BY THE COURT:

DEE BENSON
United States District Judge

---

[27] *See* ECF nos. 2, 9, 11.