**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CARLOS VELASQUEZ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF UTAH et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:20-cv-00205-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

Before the court are Plaintiff Carlos Velasquez's ("Plaintiff") "Motion to Set Aside for Fraud on the Court" (Dkt. No. 20) and "Motion for Reassignment of the Judge" (Dkt. No. 25). . The court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  DUCivR 7-1(f).

Plaintiff's "Motion to Set Aside for Fraud on the Court" makes a variety of claims, citing the Older Americans Act and Section 1988 of the Civil Rights Act.  Dkt. No. 20 at 2-3.  Plaintiff argues that the court's decision dismissing this action "lacks subject-matter" and "is not related to any part of the petitioner's complaint."  *Id.* at 4.  Plaintiff also accuses this court of various procedural deficiencies such as a failure to notify "those parties served."  *Id.* at 9.  Under the heading "Conclusions," Plaintiff argues that this court is unduly prejudiced against Plaintiff and that this court's dismissal of Plaintiff's case was "fraudulent."  *Id.* at 11-12.  Plaintiff further criticizes the opinion of Judge Nuffer, upon which this court relied in part in dismissing this action, claiming that Judge Nuffer's opinion was "speculative."  *Id.* at 12.  Plaintiff contends that the Court of Appeals (seemingly the Tenth Circuit) "did not recognize any statutory question that

declared Velasquez seeks repair against the State court judgment, when it was a plenary challenge against a statute as stated most generally under the statement of jurisdiction." [sic] *Id.* at 11-12.

The core of Plaintiff's argument appears to be that this court's application of the *in forma pauperis* ("IFP") statute "distort[ed] the nature of the case" in an attempt to get rid of the suit and "reduce the time the court works upon it." *Id.* at 16. Plaintiff contends that this court and Judge Nuffer are therefore guilty of "conspiracy, contempt, fraud, obstruction, and perjury." *Id.* (emphasis removed). The "fraud on the court" complained of by Plaintiff, then, was allegedly committed by the court itself when it dismissed the case under the IFP statute.

Upon receipt of this motion, the court examined the complaint anew in light of the IFP statute. Under that statute, the court is required to "dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). After renewed examination, the complaint fails to state a claim on which relief may be granted. The court therefore determines that the prior decision dismissing the case was correct. No fraud was committed by either this court or Judge Nuffer in dismissing Plaintiff's actions because they were properly dismissed under the IFP statute.

Plaintiff's "Request for Reassignment of the Judge" questions this court's efficiency and impartiality in addressing the "Motion to Set Aside for Fraud on the Court." Plaintiff's complaints about efficiency apparently stem from the fact that the Motion to Set Aside was filed on May 7, 2020 and has not been resolved prior to this order. Plaintiff's allegation that this court is not impartial apparently stems solely from the fact this court decided against Plaintiff in

dismissing the underlying action.  This court has no personal or professional connections that would call its impartiality into question in this matter.  Any delay in disposing of Plaintiff's Motion to Set Aside did not prejudice Plaintiff's ability to seek justice from this court.  Plaintiff's "Request for Reassignment of the Judge" is therefore denied.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's Motions are hereby DENIED.

DATED this 8th day of July, 2020.

BY THE COURT:

*[signature: Dee Benson]*

DEE BENSON
United States District Judge