FILED
United States Court of Appeals
Tenth Circuit

April 26, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

CARLOS VELASQUEZ,

    Plaintiff - Appellant,

v.

STATE OF UTAH; UTAH
DEPARTMENT OF HUMAN SERVICES;
UTAH DIVISION OF AGING AND
ADULT SERVICES/APS; UTAH OFFICE
OF ADMINISTRATIVE HEARINGS;
GARY R. HERBERT, Utah Governor;
SEAN REYES, Utah Attorney General;
UTAH LEGISLATURE; UTAH OFFICE
OF LEGISLATIVE RESEARCH AND
GENERAL COUNSEL; THOMAS R.
VAUGHN, Utah Attorney of General
Counsel; NELS HOLMGREN, Utah
Division of Aging and Adult Services
Division Director; J. STEPHEN MIKITA,
Utah Assistant Attorney General (Adult
Protective Services); SONIA SWEENEY,
Utah Office of Administrative Hearings
Division Director; LAURA THOMPSON,
Utah Assistant Attorney General (Utah
Department of Human Services);
AMANDA SLATER, Utah Office of
Licensing Division Director; UNITED
STATES ADMINISTRATION OF
COMMUNITY LIVING,

    Defendants - Appellees.

No. 20-4087
(D.C. No. 2:20-CV-00205-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Carlos Velasquez, proceeding pro se, appeals the district court's judgment dismissing his action for failure to state a claim on which relief may be granted. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgment. As to the dismissal of his claims against certain defendants, we affirm on the alternative ground that Velasquez's claims are barred by issue preclusion.

I.   **Background**

This is the second of two actions that Velasquez has filed in the district court related to certain administrative law proceedings in Utah. *See Velasquez v. Utah*, 775 F. App'x 420, 421 (10th Cir.) (noting the genesis of his first action), *cert. denied*, 140 S. Ct. 615 (2019). After these administrative law proceedings concluded, he filed suit in Utah state court asserting his original claims and challenging the fairness of the administrative law proceedings and the constitutionality of several Utah statutes and regulations. *See id.* Velasquez's state-court litigation proceeded through the trial court, the Utah Court of Appeals, and the Utah Supreme Court. *See id.*

> Unable to find success after exhausting his appeals in Utah state court, he sued the State of Utah and several state agencies in federal district court. In federal court he once again raised his constitutional claims from state court

---

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

> while adding constitutional claims that the Utah Supreme Court sustained malice, refused to clarify the constitutional question, and refused to recognize evidence.

*Id.* (citation and internal quotation marks omitted).

The district court dismissed Velasquez's first action (*Velasquez I*) for lack of jurisdiction under the *Rooker-Feldman* doctrine,[1] concluding that Velasquez was asking the court to review decisions rendered in the Utah administrative law proceedings and by the Utah state courts. *See id.* We affirmed the district court's dismissal of *Velasquez I* for lack of jurisdiction, concluding that:

> he appears to challenge decisions by the Utah state courts reviewing his state administrative law appeal. He claims that the Utah state courts violated his constitutional rights in the course of that litigation and seems to seek reversal of decisions he lost on the merits. This is precisely the type of suit that Rooker-Feldman prevents federal district courts from hearing. Having already raised his various objections in state court and failed, [he] has now repaired to federal court to undo the state-court judgment against him.

*Id.* at 422 (brackets and internal quotation marks omitted). The United States Supreme Court denied Velasquez's petition for a writ of certiorari.

Several months later, Velasquez filed this action in the district court against the State of Utah and several state agencies and officials (collectively the State Defendants), and the United States Administration for Community Living (*Velasquez II*). Upon screening the new complaint pursuant to 28 U.S.C. § 1915(e)(2), the district court held it was subject to dismissal under subsection

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

(e)(2)(B)(ii) because it failed to state a claim on which relief may be granted. The court construed the complaint in *Velasquez II* as originating from the same administrative law proceedings as the prior complaint in *Velaquez I* and as seeking to void those proceedings. It stated that "it appears that Plaintiff's complaint alleges that his civil rights were violated in the proceedings in the Administrative Case and that certain Utah statutes and legislation are unconstitutional." R. at 596. The court therefore held that Velasquez's claims against the State Defendants in *Velasquez II* were barred by claim preclusion because (1) there was a final judgment on the merits in *Velasquez I*; (2) the parties in *Velasquez II* were the same as in *Velasquez I* or were in privity with the parties in *Velasquez I*; and (3) the claims or legal theories in *Velasquez II* arose from the same transaction, event, or occurrence as the claims or legal theories in *Velasquez I* and Velasquez was attempting to relitigate issues that were or could have been raised in *Velasquez I*.[2]

Velasquez filed two post-judgment motions. In one motion he cited Federal Rule of Civil Procedure 60(d)(3) and alleged fraud on the court. His second motion sought reassignment of the case to a different district court judge. The district court denied both motions.

---

[2] The district court also dismissed Velasquez's claims against the United States Administration for Community Living for failure to state a claim on which relief may be granted because "his complaint [was] entirely devoid of any allegations concerning that defendant." R. at 601. Velasquez does not challenge that ruling on appeal. Nor does he argue the court erred in holding that amendment of his complaint would be futile.

**II.     Discussion**

We review de novo a dismissal under § 1915(e)(2)(B)(ii).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  To the extent that Velasquez raises any claim of error in the district court's denial of his post-judgment motions, we review those rulings for an abuse of discretion.  *See United States v. Buck*, 281 F.3d 1336, 1342-43 (10th Cir. 2002) (reviewing denial of relief on ground of fraud on the court for abuse of discretion); *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (reviewing denial of motion to recuse for abuse of discretion).  Because Velasquez is proceeding pro se, we liberally construe his complaint and his appeal brief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (complaint); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998) (brief).  But we do not act as his advocate.  *See Hall*, 935 F.2d at 1110.

"Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits."  *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997).  "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

Velasquez raises no meritorious claim of error on appeal.  It is unclear whether he challenges the district court's holdings on any of the claim preclusion elements,

5

and if so, what his contentions are.³ He appears to argue primarily that *Velasquez I* should not have been dismissed on *Rooker-Feldman* grounds. But that issue was conclusively decided by the district court in *Velasquez I* and affirmed on appeal by this court. Moreover, Velasquez's assertions of fraud on the court and judicial bias are patently without merit.

We nonetheless conclude that the district court erred in dismissing *Velasquez II* based upon claim preclusion. Although Velasquez has forfeited review of this error by failing to raise it in his appeal brief, *see Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007), we exercise our discretion to address it, *see United States v. McGehee*, 672 F.3d 860, 873 n.5 (10th Cir. 2012).

In holding that the first element of claim preclusion was satisfied, the district court concluded that *Velasquez I* had resulted in "a final judgment on the merits" because that case was dismissed "with prejudice." R. at 599.⁴ But the judgment in

---

³ For example, regarding a judgment on the merits in *Velasquez I*, Velasquez states that the district court "does not develop the first requirement" and he asserts that "[s]aid first requirement is conspicuous against a civil IFP *deficiency* termination." Aplt. Br. at 21. Regarding the "finality of *Velasquez I*," *id.* at 22, he discusses the three strikes provision in 28 U.S.C. § 1915(g), which applies only to dismissals of actions or appeals by prisoners. Although Velasquez mentions privity, he does not develop an argument of error regarding the district court's holding on identity of parties in both actions. And he asserts "there is no original cause to find complete precedence for *transactional* claim preclusion," *id.* at 19, but fails to develop an argument that the district court erred in holding that the claims in both actions arose from the same transaction, event, or occurrence.

⁴ The district court purported to dismiss *Velasquez I* with prejudice after holding that amendment of the complaint would be futile. *See* Mem. Decision & Order of Dismissal at 5-6, *Velasquez v. Utah*, No. 2:18-cv-00728-DN (D. Utah Feb. 25, 2019), ECF No. 27. But "[a] denial of leave to amend to repair a jurisdictional

*Velasquez I* was not on the merits of Velasquez's claims. Rather, the district court dismissed that action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Velasquez*, 775 F. App'x at 421-22. And a dismissal for lack of jurisdiction does not have a broad res judicata effect. *See Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001) ("[A] dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion . . . ." (internal quotation marks omitted)). Thus, the district court erred in applying claim preclusion to dismiss *Velasquez II*.

But a dismissal for lack of jurisdiction still precludes a plaintiff from relitigating that ground for dismissal. *See id.* at 1209-10 (stating "a dismissal for lack of jurisdiction . . . preclude[s] relitigation of the issues determined in ruling on the jurisdiction question," *id.* at 1209 (internal quotation marks omitted)); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (holding the preclusive effect of a dismissal for lack of standing "is one of *issue preclusion* (collateral estoppel) rather than *claim preclusion* (res judicata)"); 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4436 (3d ed., Oct. 2020 update) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question unless preclusion is denied for some other

---

defect, even on futility grounds, does not call for a dismissal with prejudice. The two concepts do not overlap in those cases where, although amendment would be futile, a jurisdictional defect calls for a dismissal without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

7

reason."). Because issue preclusion bars Velasquez's claims against the State Defendants in *Velasquez II*, we exercise our discretion to affirm the district court's dismissal of those claims on an alternative basis.[5]

> The elements of issue preclusion are:
>
> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Matosantos Com. Corp.*, 245 F.3d at 1207 (internal quotation marks omitted). All four elements for the application of issue preclusion are satisfied in this case.

The first element is met because *Velasquez II* raised the same *Rooker-Feldman* issue as *Velasquez I*. The district court held that both actions originated from the same administrative law case and subsequent state-court litigation in Utah. Both complaints also alleged that Velasquez's civil rights had been violated in those prior proceedings and that certain state statutes were unconstitutional. Further, the court

---

[5] "[W]e treat arguments for *affirming* the district court differently than arguments for *reversing* it. We have long said that we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). Thus, we must affirm the district court's judgment "if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason." *Id.* (internal quotation marks omitted). Moreover, Velasquez had the opportunity to address claim preclusion in the district court, and the doctrines of claim preclusion and issue preclusion are "closely related," *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990). Finally, issue preclusion presents a legal question. *See Bell v. Dillard Dep't Stores, Inc.*, 85 F.3d 1451, 1453 (10th Cir. 1996). Thus, the efficient use of judicial resources weighs against a remand for initial consideration by the district court.

construed the complaint in *Velasquez II* as seeking to void the Utah administrative proceedings. *See* R. at 596. Moreover, consistent with the district court's construction, Velasquez states in his appeal brief that, "if compared, the Opening Complaints from *Velasquez I* to this *Velasquez II* are largely the same question." Aplt. Br. at 17 (internal quotation marks omitted) (italics added).

A dismissal for lack of jurisdiction satisfies the second element—a judgment "on the merits"—if the jurisdictional issue was actually adjudicated in the previous action. *See Matosantos Com. Corp.*, 245 F.3d at 1209-10. As we have noted, the *Rooker-Feldman* issue was actually and finally adjudicated in *Velasquez I*.

The third element is met because Velasquez was the plaintiff in both actions.

And finally, Velasquez had a full and fair opportunity to litigate the *Rooker-Feldman* issue in *Velasquez I*. In particular, he challenged the district court's application of that doctrine in a post-judgment motion and he appealed the judgment to this court. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (rejecting a due process challenge to dismissals on screening under § 1915(e)(2) based upon the "adequate procedural safeguards to avoid erroneous dismissals," including "a reasonable post-judgment opportunity to present . . . arguments to the district court and the appellate court"). Nor does Velasquez's disagreement with the *Rooker-Feldman* ruling in *Velasquez I* mean that he was denied a full and fair opportunity to litigate the issue in that case. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990).

### III. Conclusion

The district court's judgment is affirmed. The court's dismissal of Velasquez's claims against the State Defendants is affirmed on the alternative basis of issue preclusion. Velasquez's application to proceed on appeal without prepayment of fees and costs is granted.

                                                  Entered for the Court

                                                  Nancy L. Moritz
                                                  Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert                                                                                   Jane K. Castro
Clerk of Court                               April 26, 2021                              Chief Deputy Clerk

Mr. Carlos Velasquez
P.O. Box 58486
2255 East Sunnyside
Salt Lake City, UT 84158

**RE:**     **20-4087, Velasquez v. State of Utah, et al.**
            Dist/Ag docket: 2:20-CV-00205-DB

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

                                                            Sincerely,

                                                            Christopher M. Wolpert
                                                            Clerk of the Court

CMW/djd